IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUWAN JAYASEKARA, | : |
| | : |
| Petitioner | : |
| | : CIVIL NO. 1:10-CV-1649 |
| | : |
| v. | : Hon. John E. Jones III |
| | : |
| | : |
| WARDEN, YORK COUNTY | : |
| PRISON, *et al.*, | : |
| | : |
| Respondents | : |

## **MEMORANDUM**

January 5, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On August 9, 2010, Petitioner Ruwan Jayasekara ("Petitioner" or "Jayasekara"), a detainee of the United States Immigration and Customs Enforcement ("ICE") Office, who is confined at the York County Correctional Facility in York, Pennsylvania, filed *pro se*[1] the instant Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. §2241. (Doc. 1.) He challenges his continued mandatory

---

[1] Although Jayasekara's counsel in his immigration proceedings filed a status report on his behalf on January 3, 2011 (Doc. 9), and the Clerk of Court then altered the docket to show that counsel represents Jayasekara in this Court and sent forms to counsel to seek special admission to represent Jayasekara in these proceedings, counsel has not sought leave to represent Jayasekara before this Court. Accordingly, we shall direct the Clerk of Court to send a copy of our Memorandum and Order directly to Jayasekara at the York County Prison.

detention by ICE under the provisions set forth in section 236(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(c)(1)(A). Jayasekara seeks his immediate release from custody, or a constitutionally adequate hearing at which Respondents must demonstrate that his continued detention is justified. (*See id.* at 11-12.) For the reasons set forth herein, the Petition will be denied.

## I. FACTUAL BACKGROUND

Jayasekara is a native and citizen of Sri Lanka. (Doc. 6-3 at 3[2], Ex. A, 2/11/03 Notice to Appear.) He originally entered the United States at an unknown place on an unknown date. (*Id.*) On February 11, 2003, the United States Immigration and Naturalization Service (now known as ICE), issued a Notice to Appear notifying Jayasekara that he was subject to removal as an alien present in the United States without being admitted or paroled. (*Id.*) On February 12, 2003, a Notice of Custody Determination was issued releasing Jayasekara on $5,000.00 bond. (*Id.* at 5, Ex. B, 2/12/03 Notice of Custody Determination.)

On April 23, 2004, Jayasekara was convicted in the Orange County Court, State of New York, at No. 2004-195, of Attempted Criminal Possession of a Controlled Substance (cocaine) in the Third Degree, Class "C" Felony. (*Id.* at 6-7, Ex. C, Orange Co., NY Sentencing Records.) In his Application for Asylum and for Withholding of

---

[2]Citations to page numbers refer to the page numbers generated by the CM/ECF System.

Removal filed with the Immigration Court, Jayasekara states, "I was charged and convicted of sale of controlled substance. I was sentenced [to] 29 days in jail and 5 years probation. Later I was again detained for 1 year for violation of probation and was sentenced [to] 1 year jail time and 2 years parole." (*Id.* at 31, Ex. H, I-589 Application for Asylum.)

On June 28, 2004, the Immigration Judge issued an Order granting Jayasekara's application for voluntary departure by October 26, 2004, with an alternate order of removal to Sri Lanka. (Doc. 6-3 at 14-15, Ex. D, 6/28/04 Order.) The Order directed Jayasekara to present a valid travel document to the Department of Homeland Security ("DHS") no later than August 27, 2004. (*Id.*) In his Application for Asylum and Withholding of Removal filed with the Immigration Court, Jayasekara states that, in 2004, he voluntarily departed the United States to Canada to seek refugee status. (*Id.* at 30, Ex. H.) He further states, "In 2009, I was denied refugee status in Canada because of pending charges in the U.S. and hence I was extradited to the U.S." (*Id.*) He states that he was paroled into the United States on March 25, 2009, and that, upon his arrival, he was detained by New York State authorities and placed in removal proceedings. (*Id.* at 31.)

On June 12, 2009, the DHS served Jayasekara with a Notice to Appear indicating that he was deportable under the following sections of the INA:

3

> Section 212(a)(7)(A)(i)(I), of the Immigration and Nationality Act (Act), as amended, as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act.
>
> Section 212(a)(2)(A)(i)(II), of the Immigration and Nationality Act (Act), as amended, in that you are an alien who has been convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 102 of the Controlled Substances Act), 21 U.S.C. 802)) [and]
>
> Section 212(a)(2)(C), of the Immigration and Nationality Act (Act), as amended, in that a consular or immigration officer knows or has reason to believe you are an alien who is or has been an illicit trafficker in any controlled substance or who is or has been a knowing assister, abettor, conspirator, or colluder with others in the illicit trafficking in any such controlled substance.

(*Id.* at 18, Ex. E, 6/12/09 Notice to Appear.) On March 4, 2010, the DHS issued a Notice of Custody Determination to Jayasekara informing him that he would be detained in DHS custody and that his detention status could not be reviewed by an immigration judge because his detention was mandated by the INA. (*Id.* at 19, Ex. F, 3/4/10 Notice of Custody Determination.)

A removal hearing was scheduled for May 27, 2010. (*Id.* at 20, Ex. G, Motion for Continuance.) However, on May 25, 2010, Petitioner's counsel in his immigration

4

proceedings requested a two (2) week continuance in order to allow Petitioner time to complete his I-589 Application for Asylum and for Withholding of Removal. (*Id.* at 21-23.) Petitioner subsequently submitted his Application to the Immigration Court. (*Id.* at 24-37, Ex. H.) On July 7, 2010, the Immigration Court issued a Notice of Hearing in Removal Proceedings, which rescheduled Petitioner's hearing to September 15, 2010. (*Id.* at 38, Ex. I, 7/7/10 Notice of Hearing.)

The instant Petition was filed by Jayasekara *pro se* on August 9, 2010. (Doc. 1.) At the time of filing, Jayasekara challenged his mandatory detention by ICE pending the hearing that had been scheduled for September 15, 2010 before the Immigration Court on his I-589 Application for Asylum and for Withholding of Removal, and he sought his immediate release from custody.

Service of the Petition was directed by Order dated August 10, 2010 (Doc. 4), and on August 31, 2010, Respondent filed a Response (Doc. 6), a supporting unpublished opinion (Doc. 6-2), and supporting exhibits (Doc. 6-3). Although Petitioner was provided with the opportunity to file a reply brief, the deadline to do so expired, and no reply brief was filed. Accordingly, the Petition became ripe for disposition.

However, in preparing to dispose of the Petition, on December 17, 2010, the Court checked the status of Petitioner's immigration proceedings through the

Executive Office for Immigration Review ("EOIR") Telephone System, and ascertained that an Order had been entered by the Immigration Judge in Petitioner's case on December 2, 2010. Because it sounded from the recording provided by the EOIR System like the Immigration Judge's Order had granted "release" in Petitioner's case, by Order dated December 20, 2010, we directed Respondents to file a status report as to the status of Petitioner's custody on or before December 31, 2010. (Doc. 7.)

In the Status Report, filed on December 30, 2010, Respondents clarify that Petitioner has not been released from ICE custody. (Doc. 8.) Rather, Respondents explain that the Order issued by the Immigration Judge on December 2, 2010 granted "relief" in Petitioner's case in the form of ordering Petitioner removed from the United States, but granting deferral of removal under the United Nations Convention Against Torture ("CAT"). (*See* Doc. 8 at 3 n. 2; Doc. 8-1 at 3, Frederick Decl.[3] ) The Status Report indicates that appeal was reserved by the parties, with a Notice of Appeal due to the Board of Immigration Appeals ("BIA") by January 3, 2011. (*See id.* at 3.) Respondents also represent that assigned ICE counsel intended to file a Notice of Appeal with the BIA prior to the January 3 deadline. (*See id.*)

---

[3]Along with their Status Report, Respondents submitted the Declaration of Kent J. Frederick, Chief Counsel for the Philadelphia Office of ICE (Doc. 8-1 at 3, Ex. A), the December 2, 2010 Order of the Immigration Judge (*Id.* at 4-5, Ex. B), and two unpublished opinions (Doc. 8-2).

On January 3, 2011, Petitioner's counsel in his immigration proceedings filed with this Court a letter, which he stated he was filing pursuant to instructions given by Petitioner, representing that, on December 27, 2010, ICE filed an appeal with the BIA challenging the Immigration Judge's December 2, 2010 Order. (Doc. 9.) The letter also confirms that Petitioner remains in ICE custody. (*Id*.) The letter further indicates that ICE has taken the position that it will retain Petitioner in its custody while its appeal is pending. (*Id.*)

## II. DISCUSSION

Because ICE's appeal to the BIA from the Immigration Judge's December 2, 2010 Order is pending, Petitioner remains in ICE custody under the mandatory detention provisions set forth in section 236(c) of the INA. The relevant portion of Title 8 U.S.C. § 1226(c), which is the mandatory detention provision of the INA, provides that, "[t]he Attorney General shall take into custody any alien who . . . **(A)** is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title[.]" 8 U.S.C. § 1226(c)(1)(A). Title 8 U.S.C. § 1182(a)(2) provides as follows:

> (2) Criminal and related grounds
> (A) Conviction of certain crimes
> (i) In general
> Except as provided in clause (ii), any alien convicted of, or who admits having committed, or who admits committing acts which

> > constitute the essential elements of–
>
> > **(I)** a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime, or
>
> > **(II)** a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21),
>
> > is inadmissible.

8 U.S.C. § 1182(a)(2).

In the instant case, Jayasekara was charged as being removable based upon his conviction for violation of laws relating to a controlled substance, and specifically, as an alien who has been convicted of acts which constitute the essential elements of a violation of any law or regulation of a State, the United States, or a foreign country relating to a controlled substance as defined in Section 102 of 21 U.S.C. § 302, and because a consular or immigration officer knows or has reason to believe that he has been an illicit trafficker in any controlled substance or who is or has been a knowing assistor, abettor, conspirator, or colluder with others in the illicit trafficking in any such controlled substance. (*See* Doc. 6-3 at 18, Ex. E, Notice to Appear.) Based upon these charges of removability, Jayasekara is subject to the mandatory detention provisions of 8 U.S.C. § 1226(c), and the reasonableness of his continued detention is properly analyzed under that section.

In *Alli v. Decker,* 644 F. Supp. 2d 535, 541 (M.D. Pa. 2009), this Court "construed § 1226(c) as authorizing mandatory detention for the period of time reasonably necessary to promptly initiate and conclude removal proceedings." Further, we held that, "[i]f an alien detained pursuant to § 1226(c) makes a showing via a habeas petition that detention is no longer reasonable, the alien must be afforded a hearing before the habeas court at which the government bears the burden of justifying continued detention based on traditional bail factors such as the alien's risk of flight and potential danger to the community." *Id.* We then adopted a case-specific reasonableness standard for analyzing whether a habeas petitioner subject to the mandatory detention provisions of § 1226(c) should be afforded a bond hearing. *Id.* at 541-43. In adopting that standard, we identified some of the factors to be considered in applying the reasonableness standard, including whether the detention has continued beyond the average time necessary for completion of removal proceedings; the probable extent of future removal proceedings; the likelihood that removal proceedings actually will result in removal; and the conduct of both the alien and the government during the pendency of removal proceedings. *Id.* at 543-45.

While we observed that the factors we set forth in *Alli* were by no means exhaustive, *id.* at 543, a consideration of these factors in this case reveals that Jayasekara has not made the necessary showing that his continued detention is

9

unreasonable.

With regard to the length of detention pending completion of removal proceedings, as of the time of filing of the Petition, Jayasekara had been in ICE custody for a period of just over sixteen (16) months. While this period of time is longer than the average time to complete removal proceedings, we must consider that a delay in his immigration proceedings occurred when Jayasekara requested the continuance of his merits hearing, originally scheduled for May 27, 2010, in order to submit his Application for Asylum and Withholding of Removal to the Immigration Court. At the same time, while this delay was initiated by Jayasekara, we do not find his conduct in pursuing this avenue of relief in the context of his immigration proceedings to be unreasonable.

Similarly, while Jayasekara's removal proceedings now will be further prolonged in order for each party to have the opportunity to present its position on the government's pending appeal to the BIA, there is nothing on the record before this Court to suggest that the government's decision to appeal the Immigration Judge's decision to grant deferral of removal is an unreasonable course of action. As such, we do not find that the government has engaged in unreasonable conduct in the context of Jayasekara's removal proceedings.

As to the probable extent of future removal proceedings, admittedly, the exact

10

date that removal proceedings will end is unknown. However, as the Third Circuit Court of Appeals observed in reviewing the denial of a habeas petition filed by an ICE detainee who was being held under the discretionary detention provisions of 8 U.S.C. § 1226(a), the mere fact that the date of the conclusion of removal proceedings is unknown in and of itself does not make a petitioner's detention unreasonable so as to warrant habeas relief. *See Contant v. Holder*, 352 Fed. Appx. 692, 694-95 (3d Cir. 2009)(Doc. 8-2 at 1-4). In *Contant*, the Court concluded that Contant's detention was not "indefinite" in violation of due process where there was no indication that he could not be removed to his country of origin if he was ordered removed, such that the end of his detention would be reasonably foreseeable. *Id.* at 696.

Although the instant case arises in the context of mandatory detention under the provisions of § 1226(c), the reasoning of the Court in *Contant* informs our conclusion that the mere fact that Jayasekara's detention does not have a definite end date does not automatically make it unreasonable. There is no indication from the record that the pending appeal to the BIA will not be disposed of in a timely manner, thus bringing an end to Jayasekara's removal proceedings. Moreover, there also is no evidence on the record that, in the event that the BIA determines that Jayasekara is not entitled to deferral of removal and orders him removed, officials in Sri Lanka will not cooperate in that process, thus bringing an end to his detention.

Based on the foregoing analysis, we conclude that Jayasekara has not established that his continued detention is unreasonable, and the Petition will be denied. An appropriate Order will enter on today's date.